UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED
2016 APR 26 PM 3 51
U.S. DISTRICT COURT
NEW HAVEN, CT.

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 3:16CR-73 (JBA) |
| v. | : |
| MARC ALEXANDER | : APRIL 26, 2016 |

### GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Pursuant to Title 18, United States Code, Sections 3142(e) and (f), the Government hereby requests that the defendant be ordered detained prior to trial.

I. Eligibility of Case

This case is eligible for pretrial detention because it involves:

_____ a crime of violence as defined in Title 18, United States Code, Section 3156;

_____ an offense for which the maximum sentence is life imprisonment or death;

_____ an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 802, et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951, et seq.), or Section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a);

_____ any felony committed after the defendant has been convicted of two or more of the prior two offenses or two or more State or local offenses that would have been one of the prior two offenses if a circumstance giving rise to Federal jurisdiction had existed;

__X__ a serious risk that the defendant will flee; and/or

    __X__ a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror.

II. Reason for Detention

The Court should detain defendant because there are no conditions of release which will reasonably assure:

    __X__ the defendant's appearance as required; and/or

    __X__ the safety of any other person and the community.

III. Rebuttable Presumption

The Government will/will not invoke the rebuttable presumption against the defendant under Title 18, United States Code, Section 3142(e). The presumption applies because:

    _____ the defendant has been convicted of a Federal offense described in Title 18, United States Code, Section 3142(f)(1) or of a State or local offense that would have been an offense described in Section 3142(f)(1) if a circumstance giving rise to Federal jurisdiction had existed;

    _____ an offense described in Title 18, United States Code, Section 3142(e)(1) was committed while the defendant was on release pending trial for a Federal, State, or local offense; and

    _____ a period of not more than five years had elapsed since the date of conviction, or the release of the defendant from imprisonment, for an offense described in Title 18, United States Code, Section 3142(e)(1), whichever is later; or

    _____ there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the

Controlled Substances Act (21 U.S.C. § 801, et seq.), the Controlled Substance Import and Export Act (21 U.S.C. § 951, et seq.), Section 1 of the Act of September 15, 1980 (21 U.S.C. § 955a), or an offense under Section 924(c) of Title 18 of the United States Code.

V. Time for Detention Hearing

The Government requests that the Court conduct the detention hearing:

\_\_\_\_\_ at the defendant's first appearance;

**X** after a continuance of ~~3~~ 10 (not more than) days.

Respectfully submitted,

DEIRDRE M. DALY
UNITED STATES ATTORNEY

RAYMOND F. MILLER
ASSISTANT UNITED STATES ATTORNEY
FEDERAL BAR NO. ct20451
157 Church Street, 25th Floor
New Haven, CT 06510
Tel. (203) 821-3700

## Certificate of Service

I hereby certify that on this 26th day of April 2016, a copy of the foregoing motion for pretrial detention was delivered by hand to defense counsel _William Paetzold_.

_____
RAYMOND F. MILLER
ASSISTANT U.S. ATTORNEY