UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Criminal No. 3:16cr73 (JBA) |
|---|---|
| v. | |
| MARC ALEXANDER | April 8, 2020 |

**RULING GRANTING GOVERNMENT'S MOTION FOR TURNOVER ORDER**

The Government moves for issuance of a turnover order regarding funds currently held in Defendant Marc Alexander's trust account maintained by the Bureau of Prisons. Defendant opposes. For the reasons that follow, the Government's motion is granted.

### I. Background

Defendant was convicted by guilty plea of conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. (Judgment [Doc. # 200].) He was sentenced by this Court to a term of imprisonment of 96 months, followed by three years of supervised release. (*Id.*) At sentencing, Defendant was also ordered to pay restitution in an amount to "be determined," in accordance with the Government's unopposed request to "hold open the restitution issue for 90 days." (Sentencing Tr. [Doc. # 241] at 73.) The Court later ordered Defendant to "pay restitution in the amount of $624,308.92," owed jointly and severally with his codefendants. (Restitution Order [Doc. # 386] at 1.) The Government represents that $585,638.38 remains unpaid. (Gov't Mem. Supp. Mot. for Turnover Order [Doc. # 422-1] at 1.)

Defendant is presently incarcerated at FCI Fort Dix and is scheduled to be released on March 17, 2023. FEDERAL BUREAU OF PRISONS, FIND AN INMATE, https://www.bop.gov/inmateloc/ (last accessed April 7, 2020). The Government "was recently advised that Alexander has substantial funds in his inmate trust account maintained by" the Bureau of Prisons ("BOP"). Specifically, the Government asserts that "approximately $5,550.62 belonging to Alexander" is presently held by BOP. (Gov't Mem. at 2.)

## II. Discussion

The Government seeks an order "directing the BOP to turn over all funds held in Alexander's account to the Clerk of Court as payment toward Alexander's restitution debt, except for $450.00 to be maintained in Alexander's account for his benefit."[1] (Gov't Mem. at 2.) The Government argues that Defendant is required by statute to apply the funds held in his BOP account to the balance of his restitution obligation.

An "order of restitution . . . is a lien in favor of the United States on all property and rights to property of the person fined . . . [which] arises on the entry of judgment." 18 U.S.C. § 3613(c). "A person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately unless, in the interest of justice, the court provides for payment on a date certain or in installments." 18 U.S.C. § 3572(d)(1). "If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." 18 U.S.C. § 3664(n). Thus, the Government argues, Defendant must turn over the "substantial resources" held in his BOP account.

Defendant responds that he is not obligated to make restitution payments until he has completed his term of imprisonment, citing the Judgment entered against him and the transcript of his sentencing hearing. (Def.'s Opp. [Doc. # 423] at 2.) The Judgment imposes the following "Special Condition" of Supervised Release: "Defendant shall pay any restitution that is imposed, at the rate of $200 per month or 10% of his gross monthly income, whichever is greater. . . . Restitution will begin to be paid after defendant is released to

---

[1] The "purpose of the inmate trust account or commissary account is to allow the BOP to maintain an inmate's monies while incarcerated, including monies received by the inmate from prison employment and outside sources," and funds deposited by "[f]amily, friends or other sources." (Gov't Mem. at 1 n.1.) BOP's Inmate Financial Responsibility Program, which facilitates payment of fines and restitution, "allows inmates who participate in the Program a $450 exclusion." (*Id.* at 2 n.2.)

2

Supervision." At sentencing, the Court declined to impose on Defendant a fine "because you are unable to pay" and indicated that restitution "will begin to be paid after you conclude your sentence." (Sentencing Tr. at 74.) Thus, Defendant argues, "in the face of a court order, previously unchallenged by the government, permitting the defendant to begin paying restitution after release from custody," he cannot be required to make restitution payments until he is released from BOP custody. (Def.'s Opp. at 2.)

The Court recognizes that it indicated at Defendant's sentencing that his restitution payments would "begin to be paid" upon the conclusion of his term of imprisonment. Nonetheless, "[u]pon receipt of [] notification" regarding a "material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, . . . the court may . . . adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). Moreover, any "person obligated to provide restitution" who "receives substantial resources" while incarcerated is "required to apply the value of such resources to any restitution . . . still owed." *Id.* § 3664(n).

Thus, despite the payment schedule set out in the Judgment, Defendant is now obligated to apply the "substantial resources" held in his BOP trust account to the restitution owed in this case, *see id.*, and the Court has authority to order that change in payment terms at this time, *see id.* § 3664(k). *See also United States v. Rand*, 924 F.3d 140, 143-44 (5th Cir. 2019) (ordering funds in defendant's inmate trust account to be paid toward restitution owed because, "[i]n short, [the defendant] cannot hide behind his sentencing order, not when he has the means to pay and not when the law provides a remedy that the government and the district court may act upon").

3

**III. Conclusion**

For the foregoing reasons, the Government's Motion for Turnover Order [Doc. # 422] is GRANTED. The balance of Defendant's inmate trust account, except for $450.00 which shall remain in that account, shall be paid to the Clerk of Court in partial payment of Defendant's restitution obligation.

                              IT IS SO ORDERED.

                              /s/
                              Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 8th day of April 2020.